UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG MACH TIEU,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Respondents. | No.  2:23-cv-2858 AC P<br><br>ORDER |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.   Petition

Petitioner alleges that he was a national of Vietnam when he entered the United States in the 1980s as a "refugee" because his father aided United States troops during the Vietnam War. ECF No. 1 at 2, 4.  He was granted legal permanent resident (LPR) status and has been, until the conviction which led to his present incarceration, a law-abiding citizen with only one previous criminal conviction in 1988.  Id. at 4.

The petition in this case challenges an immigration detainer filed by Immigration and Customs Enforcement (ICE), which petitioner claims is unlawful because he is not deportable and because he did not receive adequate notice and a hearing in compliance with 8 C.F.R. §§ 241.13-14.  Id. at 2-3, 5.  Petitioner seeks relief from said immigration detainer, arguing that it violates

his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights because it affects his limited liberty interest in enrolling in the Residential Drug Abuse Program (RDAP)—which was a provision of the Judgment and Commitment Order issued in his criminal case. Id. at 2, 5-6. He further argues that the detainer precludes him from gaining Congressionally-mandated early release from incarceration under the First Step Act of 2018 (FSA) (Pub. L. No. 115-391, 132 Stat. 5194 (2018)). Id. at 1-2, 4-6. Finally, petitioner argues that the detainer violates his First Amendment right to rehabilitation. Id. at 6.

Petitioner asserts that jurisdiction is proper because he is challenging the manner in which his lawfully imposed sentence is being carried out. Id. at 7-8. He is currently incarcerated at Federal Correctional Institution (FCI)-Herlong, which is located in the Eastern District of California. Id. at 1.

II.     Screening Requirement Applicable to § 2241 Petitions

Pursuant to 28 U.S.C. § 2241(c)(3), a convicted inmate may seek a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

"[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (citations omitted). The "in custody" requirement is jurisdictional. Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009). To the extent that petitioner is challenging the manner, location, and/or conditions of his sentence, the petition appears properly filed in the Eastern District because FCI-Herlong is located within the district.
////

III. Jurisdictional Issues

    A. Challenging an Immigration Detainer Pursuant to § 2241

The Supreme Court has interpreted the language of the federal habeas statutes as "requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis added). Accordingly, the court's jurisdiction to review a challenge to immigration detention is limited to petitioners who are being held in immigration detention. The Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place [a petitioner] in INS[1] custody to make habeas corpus available." Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)).

Petitioner argues that he "is unquestionably in the technical custody" of ICE as a result of the detainer. ECF No. 1 at 7. However, the authorities he relies on to establish that he is in immigration custody and that his due process rights have been violated apply only when a final order of removal has issued, or an ICE warrant has issued on the basis of a detainer. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001) (after entry of a final removal order "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"); 8 C.F.R. §§ 241.13-.14 (containing procedures for special review and continued detainment of persons subject to a final order of removal); Chew v. Boyd, 309 F.2d 857, 865 (9th Cir. 1962) (detainer plus a warrant constitutes "technical custody").

In this case, petitioner does not allege that a final order of deportation or anything more than a mere detainer has been issued.[2] In contrast to a removal order, a detainer is a request by the Department of Homeland Security to another law enforcement agency that presently has custody of an alien "that such agency advise the Department, prior to the release of the alien, in order for the Department to arrange to assume custody." 8 C.F.R. § 287.7(a). "A detainer is not a warrant of any kind." Gonzalez v. U.S. Immigr. & Customs Enf't, 975 F.3d 788, 799 (9th Cir.

---

[1] Immigration and Naturalization Services, now ICE.
[2] The court notes that if a final order of deportation had been issued, it would render petitioner ineligible for application of FSA credits as a matter of law. 18 U.S.C. § 3632(d)(4)(E)(i).

3

2020). Although the detainer may be affecting how petitioner's criminal sentence is being carried out, it does not render petitioner "in custody" pursuant to the immigration detainer. Campos, 62 F.3d at 314. Rather, petitioner is in custody as a result of his criminal conviction.

Petitioner's reliance on Guti v. INS, 908 F.2d 495 (9th Cir. 1990) is misplaced. In Guti, the district court dismissed the petitioner's claim that he was entitled to an immediate deportation hearing as frivolous, on the ground that the INS detainer lodged against him did not put him in INS custody for habeas purposes. Id. at 496. The Ninth Circuit held that the claim was not frivolous because "[n]either the Supreme Court nor the Ninth Circuit has addressed the custodial effect of INS detainer letters." Id. As discussed above, however, the Ninth Circuit has since addressed an immigration detainer's custodial effect for purposes of habeas relief and found that it has none.

Accordingly, while petitioner may challenge the way in which his criminal sentence if being carried out, he may not utilize § 2241 to challenge the detainer itself based on the purported effect it has on his lawfully imposed sentence. This court lacks jurisdiction to review petitioner's habeas claim challenging the detainer because petitioner is not "in custody" pursuant to the detainer.

B. Challenging Initiation of Immigration Proceedings Pursuant to § 2241

Congress has barred courts from hearing claims challenging the Attorney General's decision to initiate removal proceedings. Under 8 U.S.C. § 1252(g),

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provisions, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

This section does not preclude all habeas review, but it does bar review of "three discrete actions that the Attorney General may take: [the] 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999). This includes the timing of a decision to commence proceedings. Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir. 2002).

Petitioner's argument that the detainer is unlawful because he is a "refugee" who has "temporary protected status" and is therefore not deportable is essentially a preemptive challenge to the decision to initiate removal proceedings. This court lacks jurisdiction over such a claim. See Dang v. Short, No. 3:15-cv-1870 MA, 2016 WL 1070811, at *3, 2016 U.S. Dist. LEXIS 34505, at *6-7 (D. Or. Mar. 16, 2016) (§ 1252(g) strips district court of jurisdiction to hear challenges to commencement of immigration proceedings and lodging of a detainer) (collecting cases). To the extent petitioner is attempting to challenge the timing of the initiation of deportation proceedings, this court also lacks jurisdiction to hear the claim.

IV. Failure to State a Claim

A. RDAP Placement

Petitioner asserts that he has "rights of 'limited liberty' to receive treatment through RDAP, which was a provision in his criminal judgment and commitment order." ECF No. 1 at 5). However, "[a]n inmate has no liberty interest in a sentence reduction in exchange for completion of RDAP." Peck v. Thomas, 697 F.3d 767, 774 (9th Cir. 2012) (citation omitted); see also Reeb v. Thomas, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011) ("inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit" (citation omitted)). Moreover, the BOP retains full discretion over inmate housing. See 18 U.S.C. § 3621(b). While Congress mandates the *availability* of substance abuse treatment for eligible inmates, placement in these programs has always been and remains under the sole discretion of the BOP. See id; see also Tapia v. United States, 564 U.S. 319, 331 (2011) ("[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f).").

The courts cannot mandate placement in the RDAP, Tapia, 564 U.S. at 331 ("A sentencing court can recommend that the BOP place an offender in a particular facility or program but decisionmaking authority rests with the BOP."), and BOP's decisions regarding placement in the RDAP are not reviewable by the court, Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011). Petitioner therefore cannot state a claim for relief based on the failure to place

5

him in the RDAP.

### B. Early Release Under the First Step Act

The First Step Act of 2018 (FSA) mandates the application of time credits earned "by prisoners who successfully participate in recidivism reduction programs or productive activities" and meet certain criteria, though the Bureau of Prisons (BOP) retains discretion over whether those credits are applied to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C); see also Morales v. Brewer, No. 2:22-cv-2207 AC P, 2023 WL 3626315, at *2, 2023 U.S. Dist. LEXIS 90716, at *4-5 (E.D. Cal. May 24, 2023) ("Those courts to have considered the issue have uniformly found that whether to apply FSA time credits to prerelease custody or supervised release is within the discretion of the BOP." (collecting cases)). However, because the ability to earn and apply time credits is mandatory for eligible inmates, a petitioner states a claim when he pleads facts demonstrating that he is eligible and that the BOP has refused to allow him to earn or apply credits.

In this case, petitioner has not pled facts sufficient to establish that the BOP has refused to allow him to apply credits. Petitioner alleges only that he has been denied application of credits toward placement in a residential reentry center (RRC). There are no facts indicating that petitioner has been denied all opportunity to earn time credits, that he has credits to apply, or that he has been denied the ability to apply earned credits to supervised release or another form of prerelease custody. Because the BOP retains the discretion under the FSA to apply petitioner's credits to prerelease custody *or* supervised release, petitioner's claim that he has been denied the ability to apply his credits to a specific type of prerelease custody does not state a claim. Morales, 2023 WL 3626315, at *2, 2023 U.S. Dist. LEXIS 90716, at *5 ("The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is . . . not reviewable by this court.").

Petitioner also appears to argue that the detainer precludes him from any application of FSA credits under BOP Program Statement No. 5410.01, which stated that inmates with detainers could earn FSA time credits but not apply them. ECF No. 1 at 6 (quoting Fed. Bureau of Prisons, Program Statement No. 5410.01(10) (Nov. 18, 2022). However, on February 6, 2023, the BOP

updated this policy to allow those inmates to apply FSA credits if they were otherwise eligible. Fed. Bureau of Prisons, Change Notice No. 5410.01 CN-1, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 2, 17, 20 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf [https://perma.cc/C8BX-C8FJ].

To the extent that petitioner is challenging the original version of Program Statement No. 5410.01, which provided that inmates who have detainers are ineligible to apply FSA credits, his claim is moot because the BOP has removed the offending provision. See Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021) ("[I]f in the course of litigation a court finds that it can no longer provide . . . any effectual relief, the case generally is moot."). Beyond that, it is unclear whether petitioner is claiming that a recent decision regarding his eligibility was based on the outdated policy or is challenging a decision made prior to the policy change that has not been updated to comply with the change in policy. Petitioner may have a claim if he means to assert that the BOP is still refusing to allow him to apply FSA credits based on the detainer despite being eligible, but he has not alleged facts showing that he is otherwise eligible to apply credits or that he has earned credits that could be applied. Petitioner's only assertion is that the BOP has not allowed him to enter the RDAP or be placed in a specific type of prelease custody, which fails to state a claim for relief.

Because petitioner could potentially state a claim for relief, he will be given an opportunity to amend the petition.

### C. First Amendment Right to Rehabilitation

Contrary to petitioner's assertion, "there is no constitutional right to rehabilitation" for individuals serving criminal sentences. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Therefore, petitioner does not have a First Amendment right to participate in the RDAP.

### V. Plain Language Summary of this Order for a Pro Se Litigant

The court is not requiring the government to respond to your petition because it does not state a claim for relief. You cannot challenge the immigration detainer because (1) you are not currently in custody under the detainer, and (2) this court has no power over the Attorney General's future decision to initiate removal proceedings against you. Additionally, this court

7

does not have authority to review the BOP's decisions regarding whether to allow you to participate in the RDAP or whether to apply your FSA credits to prerelease custody or supervised release.

You *may* be able to state a claim for relief *if* you are eligible to have FSA credits applied and the BOP is completely refusing to apply credits you have already earned. However, you have only alleged that you are being denied the ability to apply credits to RRC placement, not that you are being denied all ability to apply *earned* credits. You will be given a change to amend the petition to clarify this issue.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The application for writ of habeas corpus does not state any grounds for relief and will not be served.

2. Within thirty days of the service of this order, petitioner may file an amended petition. Any amended petition must bear the case number assigned to this action and the title "Amended Petition." Failure to file an amended petition will result in a recommendation that this action be dismissed without prejudice.

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: February 27, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE