UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUONG MACH TIEU,

Petitioner,

v.

S. SALMONSON, et al.,

Respondents.

No.  2:23-cv-02858 DJC AC P

ORDER

Petitioner Cuong Mach Tieu seeks federal habeas relief pursuant to 28 U.S.C. § 2241. ECF No. 18.  Defendants filed a motion to dismiss in May 2025 (ECF No. 21), which petitioner has opposed (ECF No. 22).  When plaintiff initiated this habeas action and also filed his First Amended Petition, he was incarcerated at the Federal Bureau of Prisons ("BOP") facility at FCI-Herlong.  ECF No. 1, 6.  However, when plaintiff's operative Second Amended Petition was filed with assistance of counsel on April 3, 2025, petitioner had recently been transferred from Oklahoma City Federal Transfer Center ("FTC") to prerelease custody at a halfway house.[1]  ECF No. 18 at 2-3.  Although petitioner was back in prerelease custody as he desired, he remained concerned that "unless this Court grants his petition and rules that the BOP cannot deprive him of his right to apply FSA Credits notwithstanding his unresolved immigration detainer, the BOP will

[1] The transfer back to prerelease custody was the relief sought by petitioner in a motion for temporary restraining order, which petitioner subsequently withdrew.  ECF Nos. 10, 14.

1

arrest Mr. Tieu and return him to a BOP prison facility." ECF No. 18 at 3. Thus, the sole requested relief sought by the Second Amended Petition was for the court to "enjoin the BOP from transferring Mr. Tieu out of prerelease custody and back to a BOP prison on the ground that he has an unresolved immigration detainer." Id. at 10.

The Inmate Locator website operated by the Federal Bureau of Prisons indicates that plaintiff was released from BOP custody on November 4, 2025.[2] Petitioner's counsel shall therefore file a status report on or before **Friday, May 22, 2026**, informing the court of (1) petitioner's custodial status, including whether petitioner is currently in the custody of any other agency or has departed the United States, (2) whether the Second Amended Petition is rendered moot by his discharge from BOP custody, and (3) whether petitioner objects to dismissing this case as moot.

IT IS SO ORDERED.

DATED: May 13, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

2