UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG MACH TIEU,<br><br>Petitioner,<br><br>v.<br><br>S. SALMONSON, et al.,<br><br>Respondents. | No.  2:23-cv-02858 DJC AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Cuong Mach Tieu, a former federal inmate, brought this habeas corpus action pursuant to 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons explained below, the undersigned recommends that petitioner's habeas corpus application (ECF No. 18) as well as respondents' pending motion to dismiss (ECF No. 21) be denied as moot.

I.    Factual and Procedural History

Petitioner initiated this federal habeas action in December 2023 as a federal prisoner proceeding pro se.  ECF No. 1.  At the time, he was incarcerated at the Federal Correctional Institution (FCI)-Herlong, located in the Eastern District of California.  Due to the number of First Step Act credits petitioner had earned during his incarceration, he had been transferred to a halfway house for prerelease custody on July 1, 2024.  However, petitioner was arrested at the halfway house and incarcerated at FCI-Herlong on February 12, 2025, presumably due to national

1

policy changes and directives within the Federal Bureau of Prisons ("BOP") relating to prisoners serving prerelease custody with unresolved immigration detainers.

On February 28, 2024, the court found that although the initial habeas petition did not state a claim for relief, petitioner might be able to state a claim if he cured several identified deficiencies. ECF No. 5. Petitioner filed a First Amended Petition on April 1, 2024 (ECF No. 6) and then obtained the assistance of legal counsel from the Office of the Federal Defender in March 2025, after the court ordered respondent to file a response to the First Amended Petition. ECF Nos.7- 8.

In March 2025, petitioner filed a motion for temporary restraining order ("TRO") seeking a transfer back to prerelease custody pending final disposition of his federal habeas petition, and that respondents be enjoined from removing him once again from prerelease custody based on his open immigration detainer. ECF No. 10. Because the BOP voluntarily transferred petitioner back to prerelease custody at a halfway house in Oakland, California, petitioner withdrew the motion for TRO on March 20, 2025 (ECF No. 14) and filed the operative Second Amended Petition on April 3, 2025 (ECF No. 18).[1]

In his Second Amended Petition, petitioner asks the court to grant him habeas relief by ruling that his unresolved immigration detainer is not a lawful ground for the BOP to deprive petitioner of his right to apply earned First Step Act credits toward prerelease custody, aka transfer to a halfway house or home confinement. ECF No. 18 at 6-11. Petitioner also asks the court to permanently enjoin respondents from transferring him from prerelease custody to a BOP prison facility based on his unresolved immigration detainer. Id. at 11. Respondents filed a motion to dismiss in May 2025, arguing the habeas application was "constitutionally infirm through lack of standing and ripeness" because the requested relief was outside the scope of habeas and improperly asked the court to micromanage a BOP inmate's conditions of

---

[1] When plaintiff initiated this habeas action and filed his First Amended Petition, he was incarcerated at FCI-Herlong. ECF No. 1, 6. However, when plaintiff filed the Second Amended Petition in April 2025, he had recently been transferred from the Oklahoma City Federal Transfer Center ("FTC") to prerelease custody at a halfway house. ECF No. 18 at 2-3.

confinement.  ECF No. 21.  Petitioner timely opposed respondent's motion to dismiss.  ECF No. 22.

On May 13, 2026, the court entered a Minute Order taking judicial notice of the fact that the Inmate Locator website operated by the BOP indicated that petitioner had been released from BOP custody on November 4, 2025.[2]  ECF No. 23.  The court therefore directed petitioner to file a status update by no later than Friday, May 22, 2026, informing the court of (1) petitioner's custodial status, including whether petitioner is currently in the custody of any other agency or has departed the United States, (2) whether the Second Amended Petition is rendered moot by his discharge from BOP custody, and (3) whether petitioner objects to dismissing this case as moot.  Id.

On May 19, 2026, petitioner filed a status report advising the court that petitioner is currently living in Oakland, California, and serving the supervised release portion of his criminal sentence.  ECF No. 24.  Petitioner agreed that his Second Amended Petition is rendered moot by his discharge from BOP custody and advised the court that he has no objection to dismissing this case as moot.  Id.

II.      Legal Standards

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.  Deakins v. Monaghan, 484 U.S. 193, 199 (1988).  "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit."  United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on supervised release).  The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted).  A case or controversy must exist

---

[2]  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

throughout all stages of litigation.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot.  Id. at 7.

III.    Analysis

When petitioner was in BOP custody throughout all the earlier proceedings in this case, there was a present controversy between the parties as to which effective relief could have been granted.  Because the BOP has already released petitioner from custody, however, there is no relief that can be provided by a favorable judicial decision on his federal habeas petition.  Petitioner's case is therefore moot.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating that "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction must exist if the suit is to be maintained.").

As discussed above, petitioner has also advised the court that he has no objection to dismissing this case as moot because he agrees that his Second Amended Petition was rendered moot by his discharge from BOP custody.  ECF No. 24.  It is therefore similarly unnecessary for the court to address the merits of respondents' motion to dismiss petitioner's habeas application.  ECF No. 21.

IV.    Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

(1) Petitioner's application for writ of habeas corpus (ECF No. 18) be denied as moot based on petitioner's release from BOP custody;

(2) Respondent's motion to dismiss (ECF No. 21) be denied as moot; and

(3) The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Any response to the objections shall be served and filed without fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE